Laskey v. Mendelson et al., 191 Ill. App. 597.

2. GUARANTY, § 3*—*when signature of guarantor sufficient.* The signature of a guarantor below and to the left of the signature of the person making a contract is sufficient to make him a guarantor without the addition of other words.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*when filing of amendment to statement of claim not necessary.* In a case of the fourth class in the Municipal Court of Chicago, where leave is given a plaintiff to amend his statement by increasing the amount claimed, the filing of an actual literal amendment is not necessary to support a finding for the increased amount.

---

**H. Laskey, Defendant in Error, v. Samuel Mendelson and Benjamin Mendelson, trading as Mendelson Brothers, Plaintiffs in Error.**

**Gen. No. 20,590.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LA BUY, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed March 8, 1915.

### Statement of the Case.

Action by H. Laskey, plaintiff, against Samuel Mendelson and Benjamin Mendelson, trading as Mendelson Brothers, defendants, to recover the purchase price of goods alleged to have been sold defendants.

Defendants' offer of evidence tending to show that the goods had been sold to other than defendants was objected to by plaintiff on the ground that the affidavit of defense contained nothing concerning a sale to another than defendants and the objection was sustained.

Judgment was rendered for plaintiff and to reverse the judgment, defendants prosecute this writ of error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MOSES, ROSENTHAL & KENNEDY, for plaintiffs in error; JULIUS MOSES and SIGMUND W. DAVID, of counsel.

ISADORE S. BLUMENTHAL, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

PLEADING, § 28*—*when statement of evidence in affidavit of defense not required.* In an action for the purchase price of goods alleged to have been sold, it is error to refuse to permit defendants to introduce testimony tending to show that the goods were sold to another than defendants, even though the affidavit of defense did not set up the sale to other than defendants.

---

### T. Anthony Kreuser, Defendant in Error, v. The Thomas B. Jeffery Company, Plaintiff in Error.

### Gen. No. 20,594.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 8, 1915.

### Statement of the Case.

Action by T. Anthony Kreuser, plaintiff, against The Thomas B. Jeffery Company, a corporation, defendant, on an agreement alleged to have been made by defendant to sell plaintiff's automobile.

For plaintiff, evidence was introduced to show that in the spring of 1911 he purchased a 1910 car from defendant, a manufacturer and seller of automobiles, for which plaintiff agreed to pay one thousand five hundred dollars, and paid one thousand dollars there-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.